```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION


MICHELLE D. KING,                 :

     Plaintiff,                   :

vs.                               :
                                        CIVIL ACTION 06-0576-KD-M
MICHAEL J. ASTRUE,[1]             :
Acting Commissioner of
Social Security,                  :

     Defendant.                   :
```

### REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on March 19, 2007. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Michelle D. King and against Defendant Michael J. Astrue.

---

[1] Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born May 1, 1968.  At the time of the administrative hearing, King was thirty-seven years old, had completed a tenth-grade education (Tr. 337), and had previous work experience as a bill collector, a telemarketer, and a sandwich maker (Tr. 338-39, 345).  In claiming benefits, Plaintiff alleges disability due to major depression (Doc. 10 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on May 30, 2003 (Tr. 56-58, 283-86).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although King had severe impairments, she was capable of performing her past relevant work as a sandwich maker (Tr. 13-30).  Plaintiff requested review of the hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 4-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, King alleges that the ALJ did not properly consider the opinions of two of her treating sources (Doc. 10).  Defendant has responded to—and denies—this claim (Doc. 11).

Plaintiff claims that the ALJ did not properly consider a report completed by Dr. Marianne Saitz, D.O., and Danette Overstreet, a Certified Registered Nurse Practitioner (Doc. 10, pp. 8-9).  The report was a Residual Functional Capacity Questionnaire, completed on September 27, 2005, in the course of their treatment of King through the Mobile Mental Health Center (Tr. 271-72).  In that form, the two service providers indicate that Plaintiff has marked restrictions in her activities of daily living, in maintaining social functioning, in concentration, persistence, and pace, and would have marked deterioration in work settings; additionally, King was markedly limited in her ability to understand, carry out, and remember instructions, in responding appropriately to supervision and co-workers, and in performing simple and repetitive tasks (Tr. 271).  It was indicated that her impairments—diagnoses of Major Depression recurrent, Psychosis NOS, cannabis dependence in early remission (three months)—had lasted for more than twelve months (Tr. 272).

The ALJ rejected the report because "claimant's [former] counsel acknowledged at the hearing that Ms. Overstreet, a non-

physician, had completed the form and the claimant had not been seen by a medical physician at the Mobile Mental Health Center" (Tr. 24).  The ALJ further stated that Ms. Overstreet was "not an acceptable medial source to render such an opinion" as to Plaintiff's diagnosis (Tr. 24).

The Court notes that King's former attorney stated, at the evidentiary hearing, that he did not know whether there was a psychiatrist at the Mobile Mental Health Center (Tr. 340-41); this is not the same thing as saying that King had not been seen by a doctor.  An examination of the records show that doctors regularly monitored the course of Plaintiff's treatment at the Mobile Mental Health Center (Tr. 182, 195, 200, 202, 204, 214, 215, 254, 264, 265).

Furthermore, the Court notes that the Report was signed by a Doctor of Osteopathy, Dr. Marianne Saitz (Tr. 271).  According to the Social Security regulations, this is an acceptable medical source for providing evidence to establish an impairment.  20 C.F.R. § 404.1513(a)(1) (2006).

Defendant has argued that the ALJ's failure to acknowledge that Dr. Saitz signed the report is only harmless error as Plaintiff's former counsel had stated that the doctor had only "signed off on it" (Doc. 11, p. 15; *cf*. Tr. 297).  The Court rejects this argument, however.  First of all, the ALJ made a conscious decision to ignore the signature.  Second, this Court

does not accept the argument, inherently asserted by the Government, that a doctor is not responsible for his signature on medical documents.  The Court also finds no merit in Defendant's assertion that the ALJ had rejected this medical report as inconsistent with the other evidence of record (Doc. 11, 15). Though the ALJ correctly noted that no other physician had diagnosed King to suffer from Psychosis NOS, he did not reject the entire report on those grounds (Tr. 24).

The Court also notes that the ALJ rejected Overstreet as an acceptable medical source (Tr. 24).  While the regulations do not allow her the opportunity to provide a diagnosis, they do state that a nurse-practitioner is an acceptable source "to show the severity of [a claimant's] impairment(s)."  20 C.F.R. § 404.1513(d)(1) (2006).  This is exactly what has been done in the rejected report.  The ALJ has improperly rejected the evidence.

For these reasons, the Court finds that the ALJ's proffered reasons for rejecting the report of Dr. Saitz and Ms. Overstreet are contrary to the social security regulations.  Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding

Plaintiff's mental impairments.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred

      to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 20th day of March, 2007.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE